# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fernando Gastelum,<br><br>    Plaintiff,<br><br>v.<br><br>Phoenix Central Hotel Venture, LLC,<br><br>    Defendant. | No. CV-17-04544-PHX-DLR<br><br>**ORDER** |

Before the Court are Plaintiff Fernando Gastelum's motion for partial summary judgment (Doc. 33) and Defendant Phoenix Central Hotel Venture, LLC d/b/a Hilton Garden Inn Phoenix Midtown's cross-motion for summary judgment (Doc. 39), which are fully briefed. Plaintiff's request for oral argument is denied because oral argument will not aid the Court's decision. Fed. R. Civ. P. 78(b); LRCiv. 7.2(f). For the following reasons, Plaintiff's motion is denied, and Defendant's motion is granted.

**I. Background**

In December 2017, Plaintiff reviewed a third-party lodging website to book an ambulatory and wheelchair accessible room at Defendant's hotel. (Doc. 10 ¶¶ 15, 26.) According to Plaintiff, this website "failed to disclose [] accessibility features in enough detail to reasonably permit [him] to assess independently whether Defendant's hotel and guest rooms [met] his accessibility needs." (¶ 29.) Next, Plaintiff visited Defendant's first-party website, www.hilton.com, attempting to find the information that was not available

on the third-party website. (¶ 30.) Also finding that the first-party website lacked enough detail on Americans with Disability Act ("ADA") compliance, Plaintiff "called Defendant's hotel to inquire whether it was compliant with the ADA." (¶¶ 31-35.) Defendant's reservation agent took Plaintiff's call, informing him that there was a handicap accessible room that was ADA compliant and that the room was available at the same price as regular rooms. The reservation agent also offered to take Plaintiff's reservation with no costs or penalty on cancellation. Plaintiff did not book a room.

Plaintiff subsequently visited Defendant's hotel to verify in person whether the hotel was ADA compliant and suitable for his stay. Plaintiff, who has sued over a hundred hotels in and around the Phoenix area in the last two years, testified during a deposition (in another cases, alleging nearly identical ADA violations) that he would visit hotels with his son and his lawyer to engage in an inspection of the facilities, but that he personally almost never got out of the car. Plaintiff, or more likely his son or his attorney, discovered numerous areas where Defendant's hotel was allegedly out of compliance with the ADA. Because of these alleged deficiencies, Plaintiff elected not to stay at the hotel on December 4, 2017. Plaintiff also alleges that he "intends to book a room at the Defendant's hotel once Defendant has removed all accessibility barriers. . . ." (¶ 16.)

On April 16, 2018, Plaintiff filed a motion seeking partial summary judgment on his ADA claims. On May 21, 2018, Defendant filed a cross-motion for summary judgment on all of Plaintiff's claims.

**II. Summary Judgment Standard**

Summary judgment is appropriate when there is no genuine dispute as to any material fact and, viewing those facts in a light most favorable to the nonmoving party, the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Summary judgment may also be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material if it might affect the outcome of the case, and a dispute is genuine if a

reasonable jury could find for the nonmoving party based on the competing evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. The burden then shifts to the non-movant to establish the existence of a genuine and material factual dispute. *Id.* at 324. The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts," and instead "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (internal quotation and citation omitted). Conclusory allegations, unsupported by factual material, are insufficient to defeat summary judgment. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). If the non-movant's opposition fails to cite specifically to evidentiary materials, the court is not required to either search the entire record for evidence establishing a genuine issue of material fact or obtain the missing materials. *See Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1028-29 (9th Cir. 2001); *Forsberg v. Pac. N.W. Bell Tel. Co.*, 840 F.2d 1409, 1417-18 (9th Cir. 1988).

**III. Discussion**

Plaintiff moves for partial summary judgment on whether Defendant's property and website violated the ADA. On cross-motion, Defendant asserts that Plaintiff lacks Article III standing to bring his ADA claims, and that the Court should decline supplemental jurisdiction over Plaintiff's state law claims. The Court will first consider whether Plaintiff has standing because it "is the threshold issue of any federal action . . . ." *Local Nos. 175 & 505 Pension Tr. v. Anchor Cap.*, 498 F.3d 920, 923 (9th Cir. 2007).

**A. Standing**

Litigants "who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirements imposed by Article III . . . by alleging an actual case or controversy." *City of L.A. v. Lyons*, 461 U.S. 95, 101 (1983). Three elements must be

present for a plaintiff to have standing: (1) the plaintiff must have "suffered an injury in fact;" (2) there must be a "causal connection between the injury and the conduct complained of;" and (3) it must be "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992). Defendant argues that Plaintiff fails to satisfy all three elements, but its arguments with respect to the second and third elements are derivative of its argument that Plaintiff has not suffered an injury in fact.[1] The Court therefore limits its analysis to whether Plaintiff has suffered an injury in fact.

An injury in fact must be: (a) actual or imminent, not conjectural or hypothetical, and (b) concrete and particularized. Additionally, where, as is the case here, a plaintiff seeks injunctive relief, there is an additional requirement of showing "a sufficient likelihood that [the plaintiff] will again be wronged in a similar way . . . [t]hat is, . . . a real and immediate threat of repeated injury." *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004) (internal quotations and citations omitted).

### 1. Actual or Imminent Injury

In the context of ADA discrimination claims, the Ninth Circuit recognizes a deterrent effect doctrine. *See, e.g.*, *Doran v. 7–Eleven, Inc.*, 524 F.3d 1034, 1039-40 (9th Cir. 2008). A disabled individual has suffered an actual injury if he is "currently deterred from patronizing a public accommodation due to a defendant's failure to comply with the ADA . . . ." *Id.* at 1040. Evidence of the plaintiff's "actual knowledge" of a barrier is sufficient to demonstrate an actual injury. Moreover, "[w]here an individual knows of ADA violations at a public accommodation, he is not required to keep returning in order to show imminent injury." *Gastelum v. Canyon Hospitality LLC*, No. 17-CV-2792-PHX-GMS, 2018 WL 2388047, at *6 (D. Ariz. May 25, 2018). Instead, the ongoing deterrence is sufficient to satisfy the requirement of an actual and imminent injury. *Doran*, 524 F.3d at 1040. Here, it is undisputed that Plaintiff has actual knowledge of the alleged barriers. (Doc. 33 at 3.)

---

[1] Defendant argues that Plaintiff cannot show causation or redressability because there is no injury in fact. (Doc. 39 at 9.)

- 4 -

Defendant argues, however, that Plaintiff cannot demonstrate an actual injury because his sole motivation for acquiring that knowledge was to initiate a lawsuit. (Doc. 39 at 8.) This argument, however, is inconsistent with prevailing Ninth Circuit law, which maintains that "motivation is irrelevant to the question of standing under Title III of the ADA." *See Civil Rights Educ. and Enforcement Ctr. v. Hospitality Props. Tr.*, 867 F.3d 1093, 1101-02 (9th Cir. 2017) (hereinafter "*CREEC*"); *Gastelum*, 2018 WL 2388047, at *6 ("This so-called 'tester standing' rule means that a plaintiff can visit or otherwise obtain information about a public accommodation solely for the purpose of ensuring ADA compliance and with the intent to bring a lawsuit if deficiencies are found."). Accordingly, Plaintiff's knowledge of alleged barriers is sufficient evidence of an actual and imminent injury.

### 2. Concrete and Particularized Harm

A plaintiff may show a concrete and particularized injury by "stating that he is currently deterred from attempting to gain access" to the public accommodation due to a barrier. *Doran*, 524 F.3d at 1040. A barrier in a public accommodation must "interfere with the plaintiff's full and equal enjoyment of the facility." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 947 (9th Cir. 2011). A barrier, however, "only amounts to such interference if it affects the plaintiff's full and equal enjoyment of the facility on account of his particular disability." *Id.* A "bare procedural violation" unassociated with a plaintiff's particular disability "cannot satisfy the demands of Article III" standing. *Spokeo, Inc. v. Robbins*, 136 S.Ct. 1540, 1550 (2016).

For example, in *Chapman* the plaintiff alleged "that he is 'physically disabled,' and that he 'visited the Store' and 'encountered architectural barriers that denied him full and equal access.'" *Chapman*, 631 F.3d at 954. The plaintiff, however, "simply identifie[d] alleged ADA . . . violations without connecting the alleged violations to [his] disability, or indicating whether or not he encountered any one of them in such a way as to impair his full and equal enjoyment of the Store." *Id.* As a result, the Ninth Circuit found these allegations insufficient to establish a concrete and particularized harm for purposes of the

injury-in-fact requirement.

Likewise, Plaintiff's failure to connect the alleged ADA violations to his specific disability is fatal to his ability to show a concrete and particularized harm. For example, Plaintiff alleges that "[t]he accessible route leading to the main entrance has a cross slope greater than 1.48 inches." (Doc. 33 at 3.) Plaintiff, however, has not alleged that a cross slope that varies from the statutory requirements concretely impacts his ability to enjoy the public accommodation. Plaintiff alleges nearly twenty other violations of the ADA (Doc. 33 at 3-4), each of which is plagued by the same flaw. Plaintiff "does not even attempt to relate the alleged violations to his disability." *Chapman*, 631 F.3d at 955. Plaintiff cannot maintain standing to bring the lawsuit on the bare procedural allegations made in this case.

### 3. Injunctive Relief

A plaintiff seeking injunctive relief must also show that there is a "real and immediate threat of repeated injury." *Lyons*, 461 U.S. at 111. In ADA cases, a plaintiff may show a real and immediate threat of injury in two ways: (1) "he intends to return to a noncompliant accommodation and is therefore likely to reencounter a discriminatory architectural barrier;" or (2) the "discriminatory architectural barriers deter him from returning to a noncompliant accommodation" which he would otherwise visit in the course of his regular activities. *Chapman*, 631 F.3d at 950. In recognizing the deterrent effect and tester standing doctrines, "the Ninth Circuit did not relax the requirement that the Plaintiff demonstrate real and immediate threat of repeated injury by showing a legitimate intent to visit again the public accommodation in question." *Gastelum*, 2018 WL 2388047, at *6. Demonstrating "past exposure to illegal conduct" alone is not sufficient to demonstrate a present case or controversy; instead, "the plaintiff must allege continuing, present adverse effects stemming from the defendant's actions." *CREEC*, 867 F.3d at 1098. For instance, a plaintiff may show continuing adverse effects by showing that a "defendant's failure to comply with the ADA deters [him] from making use of the defendant's facility." *Id.* But, to be deterred from making use of the defendant's facility, one must have a true desire to return to the facility but for the barriers. *See, e.g.*, *D'Lil v.*

*Best Western Encina Lodge & Suites*, 538 F.3d 1031, 1037-38 (9th Cir. 2008).

In determining whether a plaintiff has a future intent to visit the public accommodation at issue, courts consider a series of factors, including: "(1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant." *Harris v. Del Taco, Inc.*, 396 F. Supp. 2d 1107, 1113 (C.D. Cal. 2005). Courts are to make a case-by-case determination, in light of all the evidence. *See CREEC*, 867 F.3d at 1100.

Defendant argues that "Plaintiff fails to demonstrate, or even allege, concrete plans to stay at the [Defendant's hotel] in the future . . . ." (Doc. 39 at 10.) The Court agrees. Plaintiff has never stayed at Defendant's hotel. In fact, he has only visited the property once, which was done to verify whether the hotel was ADA compliant and suitable for his stay.[2] Although Plaintiff likes to travel to Phoenix to attend sporting events and karaoke bars, there is insufficient evidence that he actually stays in hotels after he comes to the Phoenix area for those purposes, or that he would stay at Defendant's particular hotel for those purposes. (Doc. 39-3 at 7-9.) And, although Plaintiff avows that he intends to "book a room" at Defendant's hotel (Doc. 10 ¶ 19), he fails to articulate any specific plan to return or explain why he is likely to want to stay at or visit Defendant's hotel in the future. Absent a showing that he likely would visit Defendant's hotel, Plaintiff has not demonstrated a real and immediate threat of repeated injury. *See Gastelum*, 2018 WL 2388047 at *7 ("While the need to look at the specificity with which the Plaintiff has pleaded the likelihood of future visits might be less stringent had he only sued one hotel in the Phoenix area, . . . the inquiry must be more exacting where he has expressed only a rote intent to 'book rooms' in 133 other lodgings in the same geographic area."). Accordingly, Plaintiff does not have standing to pursue his ADA claim.

### B. Causes of Action under State Law

Because the Court has concluded that it does not have jurisdiction over Plaintiff's

---

[2] From the record before the Court, it is not clear whether Plaintiff ever got out of his vehicle during his visit to the property.

- 7 -

ADA claim, the Court declines to exercise supplemental jurisdiction over the remaining state law claims (negligence, negligent misrepresentation, failure to disclose, and consumer fraud). 28 U.S.C. § 1367. Accordingly,

**IT IS ORDERED** that Plaintiff's motion for summary judgment (Doc. 33) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's cross-motion for summary judgment (Doc. 39) is **GRANTED**. Plaintiff's ADA claim is dismissed with prejudice. His state law claims are dismissed without prejudice. The Clerk of Court shall enter judgment accordingly and terminate this case.

Dated this 7th day of February, 2019.

Douglas L. Rayes
United States District Judge